**IT IS ORDERED as set forth below:**



**Date: March 13, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : **CASE NO. 18-68096-PMB** |
| **TAMARA LEANN FLOYD,** | : |
| | : CHAPTER 13 |
| Debtor. | : |
| | : |
| | : |
| **TAMARA LEANN FLOYD,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **18-5308** |
| **STANFORD OAKS APARTMENTS 2018, LLC,** | : |
| | : |
| Defendant. | : |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The Plaintiff-Chapter 13 Debtor named above (the "Debtor"), who is *pro se*, initiated this Adversary Proceeding against Defendant shown above (the "Defendant") through the filing of a Complaint herein on November 20, 2018 (Docket No. 1)(the "Complaint"). In the Complaint, the

Debtor seeks a money judgment for actual and punitive damages under 11 U.S.C. § 362(k) for alleged willful violation of the automatic stay based on post-bankruptcy contacts made by the Defendant to collect a prepetition debt and issue threats of eviction despite notice of this bankruptcy case. The Defendant filed its *Affirmative Defenses and Answer to Plaintiff's Complaint* on December 5, 2018 (Docket No. 3). This matter is currently before the Court on the Defendant's *Motion to Dismiss and Incorporated Brief* filed on February 8, 2019 (Docket No. 8)(the "Motion to Dismiss"). The Debtor filed a pleading in response entitled *Debtor Plaintiff Motion to Object Defendants Dismissal of Adversary Proceeding* on February 19, 2019 (Docket No. 9)(the "Response").

In the Motion to Dismiss, the Defendant[1] argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1), applicable herein through Federal Rule of Bankruptcy Procedure 7012(b), on grounds that this Court does not have subject matter jurisdiction over it, since the underlying bankruptcy case was dismissed on February 7, 2019 for Debtor's failure to fund the plan. Citing *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992), the Defendant asserts that dismissal is appropriate because jurisdiction is based on the nexus between a bankruptcy case and related proceedings.

Closer examination of *Morris*, however, reveals that the 11th Circuit Court of Appeals actually held that "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy

---

[1] The Defendant also states that the Debtor listed an erroneous name for the Defendant, and that its proper name is Stanford Oaks Partner, LLC.

case at the time of its commencement." *Morris, supra*, 950 F.2d at 1534. Instead, retention of jurisdiction is in the sound discretion of the bankruptcy court. *Id*.

Retention of jurisdiction is particularly warranted in situations like the one presented here, where the Complaint seeks damages for alleged willful violations of the automatic stay through Defendant's efforts to dispossess the Debtor from her residence during the case.[2] Such a dispute certainly constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Further, the stay is one of the fundamental protections offered to debtors under the Bankruptcy Code. Vindication of the stay and this Court's related authority remain viable concerns irrespective of the pendency or subsequent dismissal of the main bankruptcy case. *See Johnson v. Smith (In re Smith)*, 575 F.3d 1079, 1083-84 (10th Cir. 2009); *In re Rodriguez*, 2012 WL 589553 (Bankr. D. N.J. Feb. 22, 2012)(citations omitted).

In view of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss be, and the same hereby is, **DENIED**; and it is further

**ORDERED** that the parties are directed to review the *Order and Notice of Rule 26(f) Conference* entered on February 4, 2019 (Docket No. 6), and to comply with same **no later than April 12, 2019**.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Defendant, the Chapter 13 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[2] As noted by the Debtor in her Response, the Court suggested as much during the hearing on confirmation on February 7, 2019, when it issued its oral ruling dismissing the main case.